**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

EDGAR EASON                                CIVIL ACTION NO. 09-875

VERSUS                                     JUDGE S. MAURICE HICKS, JR.

LIPPERT COMPONENT                          MAGISTRATE JUDGE HORNSBY
MANUFACTURING, INC.

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 12) filed

by defendant Lippert Component Manufacturing, Inc. ("Lippert").  Plaintiff Edgar Eason

("Eason") opposed the motion.  See Record Document 19.  Eason also filed two Motions

to Strike affidavits submitted by Lippert in support of its Motion for Summary Judgment.

See Record Documents 17 & 18.  For the reasons which follow, the Motion for Summary

Judgment is **GRANTED** and the Motions to Strike are **DENIED**.

**BACKGROUND**

Eason was employed by Lippert, and its predecessor, for more than 29 years.  See

Record Document 19, Exhibit 1 at ¶ 2.  From October 1979 to December 2007, Eason was

employed at the Lippert plant in Bossier City, Louisiana.  See id., Exhibit 1 at ¶ 3.  In

December 2007, Eason was transferred to Lippert's Longview, Texas facility.  See id.,

Exhibit 1 at ¶ 7.  Eason's employment with Lippert was terminated on May 9, 2008.  See

id., Exhibit 1 at ¶ 15.

According to Lippert, its Bossier City plant was responsible for the production of

manufactured homes ("MH") frames.  The Longview facility produced recreational vehicle

("RV") chassis.  While Eason agrees that the Bossier City plant primarily produced MH

frames, he attested that, at times, the Bossier City plant also produced RV chassis.  See

id., Exhibit 1 at  ¶ 4.

Lippert's primary customer for MH frames made in Bossier City was Skyline, a Bossier City mobile home manufacturer.  Beginning in 2007, Skyline began to significantly reduce its MH frame orders.  With the reduction of Skyline orders, in December 2007, Lippert decided to close its Bossier City frame plant.  Eason was then offered and accepted a transfer to the Longview facility.

Lippert's Longview facility expanded to include MH frame assembly.  As a result, new employees were hired.  Eason participated in the training of both new and existing employees in MH frame assembly.

Skyline was not only one of Lippert's top MH frame customers, but was also one of Lippert's top RV chassis customers at the Longview plant.  In May 2008, Skyline shut down its Bossier City MH plant.  This closure eliminated approximately 25% of the business revenue of Lippert's Longview facility.  See Record Document 12, Exhibit C at ¶ 8 & Exhibit D at ¶ 6.  As a result, Lippert chose to eliminate certain jobs, particularly those employees who worked on the MH frame assembly line.  See id., Exhibit C at ¶ 9 & Exhibit D at ¶ 7.

According to Lippert, this reduction in force, based on business considerations, resulted in the termination of Eason, who had no experience on the RV chassis production line.  See id., Exhibit C at ¶¶ 9-10 & Exhibit D at ¶¶ 8-9.  Lippert chose to retain employees at the Longview facility with RV chassis production experience because the Longview business became almost 100% RV chassis production.  See id.  Conversely,  Eason has attested that the Lippert Longview facility was still producing MH frames at the time of and after his termination.  See Record Document 19, Exhibit 1 at ¶ 16.  Eason alleged that his termination was not based on a legitimate reduction in force, but rather was because of his

age.

Both Lippert and Eason agree that Eason was experienced in MH frame assembly. There is a disagreement as to Eason's experience relating to the production of RV chassis. Eason maintains that he was experienced in, and was qualified to perform, all aspects of the manufacturing process of Lippert's business, including the production of both RV chassis and MH frames. See id., Exhibit 1 at ¶¶ 5-6, 8-14. Eason further attested that the assembly and production processes of MH frames and RV chassis are substantially similar in that they involve welding steel parts together pursuant to a print. See id., Exhibit 1 at ¶ 9.

Conversely, Lippert has submitted summary judgment evidence stating that the production of RV chassis is significantly more complex than the assembly of MH frames. See Record Document 12, Exhibits C & D. Lippert also contends that Eason had no experience in the production of RV chassis and never performed any work relating to the actual assembly of RV chassis. See id.

On May 8, 2009, Eason filed a Petition for Damages in the Twenty-Sixth Judicial District Court, Bossier Parish. See Record Document 1-1. Eason alleged violation of the Louisiana Employment Discrimination Law ("LEDL"). See id. at ¶3. Specifically, he asserted that his termination of employment with Lippert was due to his age, race, and national origin, all in violation of the LEDL. See id. at ¶ 13.

Lippert removed the case to federal court on the basis of diversity of citizenship and a Removal Order was entered on June 1, 2009. See Record Document 2. Lippert has now filed the instant Motion for Summary Judgment, seeking dismissal of all of Eason's discrimination claims. See Record Document 12.

## LAW AND ANALYSIS

### I.      Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.  See Little, 37 F.3d at 1075;  Wallace, 80 F.3d at 1047.  All factual controversies must be resolved in favor of the nonmovant.  See Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## II.     Motions to Strike.

Eason has filed to Motions to Strike (Record Documents 17 & 18) pertaining to the affidavits of Matthew A. Hazelbaker ("Hazelbaker") and Jeremy Droptiny ("Droptiny").  Both affidavits were submitted by Lippert in support of its Motion for Summary Judgment. Eason challenges the affidavits pursuant to Federal Rule of Civil Procedure 56(e), arguing that the affidavits are not made on personal knowledge; do not set out facts that would be admissible in evidence; and contain unsupported conclusory allegations.  See id.  Eason also alleges that Hazelbaker and Droptiny are not competent to testify on the matters stated in the affidavits.  See id.  Eason moves to strike four paragraphs from Droptiny's affidavit and two paragraphs from Hazelbaker's affidavit.  The challenged paragraphs are set forth below:

Affidavit of Droptiny

4.      In 2007, a major customer of Lippert, namely Skyline, a Bossier City, Louisiana mobile home manufacturer, began to significantly reduce its MH frame orders.  In response to the declining MH frame orders, Lippert made the decision in December 2007 to close its Bossier City MH frame production assembly and consolidate the MH frame assembly into the Longview plant.

. . .

6.      The production of a RV chassis is significantly more complex than the assembly of a MH frame.  Edgar Eason had no experience in RV chassis production.

. . .

9.      As a direct result of Skyline closing its Bossier City plant and the resulting decrease in sales revenue, particularly MH frame sales, Lippert made the decision to reduce its workforce, and particularly those employees who worked on the MH frame assembly line.  The reduction in force included Edgar Eason who had no experience in RV chassis assembly.  Those employees with RV chassis production

experience were retained.  After this job reduction, Lippert's Longview business was almost 100% RV chassis production.

10.     I was responsible for the business decision to reduce employees in May 2008.  The reduction in force was due to business necessity. Edgar Eason was terminated because he lacked experience in RV chassis production.   Mr. Eason's age played no part in his termination.

Affidavit of Hazelbaker

8.     Jeremy Droptiny was responsible as plant manager to implement the reduction in force.  The reduction in force was designed to retain those employees with RV chassis production experience.  Edgar Eason's employment with Lippert was terminated as part of the reduction in force.

9.     The reduction in force implemented in May 2008 was due to business necessity.   Age played no part in the determination of those employees laid off in the reduction in force.

Record Document 12, Exhibits C & D.

Rule 56(e) provides in pertinent part:

(1)     In General.  A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

F.R.C.P. 56(e)(1).  Hazelbaker is employed by Drew Industries, Inc., the parent company

of Lippert.  See Record Document 12, Exhibit D at ¶ 2.  His title is National Operations

Manager.   He is responsible for, and oversees, production, quality control, finance

accounting.  See id.  Droptiny was employed with Lippert since June 2004.  See id., Exhibit

C at ¶ 2.  In mid-October 2007, he was promoted to manager of Lippert's Longview plant.

See id., Exhibit C at ¶ 3.  A review of Hazelbaker's and Droptiny's job titles and their

respective duties indicates that the affiants speak from personal knowledge of Lippert's business practices.  It is reasonable and logical that persons bearing the titles of National Operations Manager and manager of the Longview facility would indeed be personally knowledgeable about business practices, such as Lippert's business relationship with Skyline and the business decision to reduce employees in May 2008.  Moreover, these titles point to individuals who would have access to personnel files and other related corporate documents.  "An official title alone is enough to indicate the basis of personal knowledge when, as here, that title clearly identifies the official's sphere of responsibility and the facts stated in the affidavit are within that sphere."  Rutledge v. Liability Ins. Industry, 487 F.Supp. 5, 7 (W.D. La . 1979).  Accordingly, the Court finds that Droptiny's and Hazelbaker's affidavits are sufficient under Rule 56(e) and Eason's Motions to Strike are **DENIED**.

### III.   Race and National Origin Discrimination Claims.

In his petition, Eason alleged discrimination based on age, race, and national origin, all in violation of the LEDL.  Section 303 of the LEDL provides:

> A plaintiff who believes he . . . has been discriminated against, and who intends to pursue court action ***shall*** give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, ***shall detail the alleged discrimination***, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. 23:303(c).

On November 13, 2008, counsel for Eason wrote Lippert for purposes of complying with Section 303's notice provision.  See Record Document 12, Exhibit A.  The letter reads in pertinent part:

> Mr. Eason believes that his termination was the result of unlawful discrimination against him because of his age.
>
> . . .
>
> 4.  At the beginning of his employment at the Longview operation, Mr. Eason was put on the frame line to train younger employees who were hired after his transfer to Longview.
>
> . . .
>
> 6.  At the time of Mr. Eason's termination, at least three younger employees in the 20s, all of whom were hired after Mr. Eason's transfer to Longview, some of whom Mr. Eason had trained, remained employed at the Longview operation performing the same job that Mr. Eason was performing at the time his job was "eliminated."

Id.  Eason does not dispute that the November 13, 2008 letter was the only notice of alleged discrimination sent to Lippert prior to suit.  See id., Exhibit B.

Section 303 clearly requires written notice prior to suit.  See La. R.S. 23.303(c); Casey v. Livingston Parish Communications Dist., 476 F.Supp.2d 600, 608 (M.D.La. 2007); Simpson-Williams v. Andignac, 2004-1539 (La.App. 4 Cir. 4/20/05), 902 So.2d 385, 388. Moreover, the notice shall detail the alleged discrimination and the parties are to make a good faith effort to resolve the dispute prior to initiating court action.  See id.  In this case, Eason followed these procedures in relation to his age discrimination claim, but there is no evidence that he followed this procedure as to his race and national origin discrimination claims.  Therefore, summary judgment is **GRANTED** and Eason's race and national origin discrimination claims are **DISMISSED WITHOUT PREJUDICE**.

## IV.    Age Discrimination Claim.

Under Section 312(A)(1) of the LEDL, "it unlawful for an employer to . . . fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any

individual with respect to his compensation, or his terms, conditions, or privileges of employment because of the individual's age."   La. R.S. 23:312(A)(1).   Section 312's prohibitions are "limited to individuals who are at least forty years of age."  La. R.S. 23:311. There is no dispute that at all times relevant to the instant lawsuit, Eason was over forty years of age; thus, he is entitled to the protections set forth in Section 312.

The LEDL "mirrors the federal ADEA [Age Discrimination in Employment Act] and should be construed in light of federal precedent."  O'Boyle v. La. Tech Univ., 32,212 (La.App. 2 Cir. 10/1/99), 741 So.2d 1289, 1290.  Thus, this Court will apply the familiar burden shifting rationale of federal employment discrimination case law.[1]

"Treating younger workers more favorably is not the only way to prove age discrimination."  Palasota v. Haggar Clothing Co., 342 F.3d 569, 575 (5th Cir. 2003). Instead, a plaintiff must demonstrate that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either I) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."  Id. at 575-576, citing Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 957 (5th Cir.1993).  In a reduction in force case, "the plaintiff need only show 'evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching

---

[1]This evidentiary procedure was originally enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), and re-affirmed in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742 (1993).  See Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 957 n. 4 (5th Cir. 1993).  Both of these cases are Title VII cases involving race discrimination.  See id.  The ADEA was enacted by Congress as a free-standing statute and is not part of Title VII.  See id.  Nonetheless, the Fifth Circuit has adopted the St. Mary's procedural roadmap for ADEA cases.  See id.

the decision at issue.'" Id. at 576, citing, Nichols v. Loral Vought Sys. Corp., 81 F.3d 38,

41 (5th Cir.1996).  The Fifth Circuit has further noted that, in reduction in force cases, the

plaintiff must produce some evidence that an employer has not treated age neutrally.  See

Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 812 (5th Cir.1991).  "Specifically,

the evidence must lead the factfinder reasonably to conclude either (1) that defendant

consciously refused to consider retaining or relocating a plaintiff because of his age, or (2)

that defendant regarded age as a negative factor in such consideration."  Id. (citation

omitted).

     If the plaintiff meets these requirements, a presumption of discrimination arises

which the defendant must then rebut by articulating a legitimate, nondiscriminatory reason

for the discharge.  See Bodenheimer, 5 F.3d at 957.  Once the employer satisfies this

burden, the presumption of age discrimination established by the employee's *prima facie*

case dissolves.  See id. Once the employer has met its burden of production, the plaintiff's

burden of persuasion then arises and he must prove that the proffered reasons are not just

pretexts but pretexts for age discrimination.  See id.  Simply put, the plaintiff must prove,

through a preponderance of the evidence, that the employer's reasons were not the true

reason for the employment decision and that unlawful discrimination was.  See id.

     There is no dispute that Eason was discharged and that he was within the protected

class at the time of discharge.  Eason's *prima facie* case turns on his qualifications and

whether he was replaced by someone outside the protected class; replaced by someone

younger; or otherwise discharged because of his age.  Eason conceded as much in his

opposition, stating:

     The dispute regarding the elements of the *prima facie case* comes down to

whether Eason was qualified to perform the position of RV chassis production and Eason was clearly better qualified than the employees who were retained.

Record Document 19 at 5.  Based on Eason's affidavit and the affidavit of Steven M. Normandin, the Court will assume that Eason was qualified to hold a position in RV chassis production.[2]  The Court now turns to whether Eason was ***clearly better qualified*** than the younger employees who were retained.

In E.E.O.C. v. Texas Instruments Inc., 100 F.3d 1173 (5th Cir. 1996), the Fifth Circuit explained:

> There is another wrinkle on the standards for evaluating discrimination.  In the context of a reduction in force, which is itself a legitimate, nondiscriminatory reason for discharge, the fact that an employee is qualified for his job is less relevant - some employees may have to be let go despite competent performance.  If, however, the older employee shows that he was terminated in favor of younger, clearly less qualified individuals, a genuine, material fact issue exists.

Texas Instruments Inc., 100 F.3d at 1181 (5th Cir. 1996), citing Walther v. Lone Star Gas Co., 952 F.2d 161 (5th Cir. 1992).  While the Texas Instruments court employed this rationale in the context of pretext, it appears equally relevant in determining the fourth

---

[2]Eason presented his own affidavit, declaring that he was involved in the production and assembly of RV chassis at both the Bossier City and Longview plants.  See Record Document 19, Exhibit 1.  He further stated that he was the repairmen from Lippert who was dispatched to perform repairs to RV chassis that had broken down on the road.  See id. Eason also presented the affidavit of Steven M. Normandin ("Normandin"), who was the plant manager of the Lippert Bossier City plant for 26 years.  See id., Exhibit 2.  Normandin supervised Eason and was personally familiar with the job duties assigned to and performed by Eason.  See id.  According to Normandin, Eason was involved in the assembly and production of both MH frames and RV chassis during the time that he worked at the Bossier City plant as well as during the time he worked at the Longview facility.  See id.

element of Eason's *prima facie* case.[3]

While a plaintiff is required to only make a very minimal showing in order to establish a *prima facie* case, Eason has failed to adduce even minimal evidence as to the younger employees referred to in this case.  In his affidavit, Eason stated:

> 12.  Upon my transfer to the Longview, Texas plant, . . . I trained the younger employees who had recently been hired—immediately prior to and after my transfer—to perform the [RV] assembly work.
>
> 13.  Having trained the younger employees at the Longview, Texas LCM plant, I have as much—if not more—experience and ability than those employees to perform the assembly and production of RV chassis as that job was performed at the LCM Longview, Texas plant.
>
> . . .
>
> 16.  At the time of my termination, the LCM plant at Longview, Texas was still manufacturing mobile home frames and RV chassis.  All of the jobs that I had been performing at the LCM plant at Longview, Texas were still being performed, but were being performed by younger employees.

Record Document 19, Exhibit 1.  Eason's burden at the summary judgment may not be satisfied by conclusory allegations or unsubstantiated assertions.  Eason has neither identified the younger employees retained nor discussed their qualifications.  Specifically, he has failed to even address the issue of how these younger employees were "clearly less qualified."  Texas Instruments Inc., 100 F.3d at 1181 (5th Cir. 1996).  Thus, whether this Court considers this issue as part of the *prima facie* case or as part of the pretext analysis, Eason has failed to raise a genuine issue of material fact as to whether he was discharged

---

[3]Under Fifth Circuit precedent, a reduction in force is presumptively a legitimate and nondiscriminatory reason for discharge.  See Texas Instruments, Inc., 100 F.3d at 1181. Thus, the key issues in this case are whether Eason was clearly better qualified than the younger employees who were retained and pretext.

in favor of younger, clearly less qualified individuals.  Accordingly, summary judgment must be **GRANTED** and Eason's age discrimination claim is **DISMISSED WITH PREJUDICE**.

**CONCLUSION**

Based on the foregoing, Lippert's Motion for Summary is **GRANTED**.  Eason's race and national origin discrimination claims are **DISMISSED WITHOUT PREJUDICE** and his age discrimination claim is **DISMISSED WITH PREJUDICE**.  Eason's Motions to Strike are **DENIED**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of March, 2010.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE